**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSEPH J. TOMBA
LINDA L. TOMBA**                                                **PLAINTIFFS**

**VERSUS**                                     **CAUSE NO.:** 1:18-cv-61-LG-RHW

**DUSTIN A. ARINDER;
HAROLD TRAYLOR;
ALLSTATE INSURANCE COMPANY; AND
JOHN AND JANE DOES A; B; C; AND D**            **DEFENDANTS**

**COMPLAINT**

**(JURY TRIAL REQUESTED)**

COME NOW, the Plaintiffs, Joseph J. Tomba and Linda L. Tomba, by and through undersigned counsel, and file this Complaint against Defendants Dustin A. Arinder, Harold Traylor, Allstate Insurance Company, and John and Jane Does A-D, for negligence, gross negligence, and other causes of actions and would show the Court as follows, to-wit:

**PARTIES**

1. Plaintiff Joseph J. Tomba is an adult resident citizen of the state of Louisiana.

2. Plaintiff Linda L. Tomba is an adult resident citizen of the state of Louisiana.

3. Defendant Dustin R. Arinder is an adult resident citizen of the state of Mississippi residing at 190 Armstrong Road, Columbia, MS 39429. Defendant Arinder may be served with process in the time and manner prescribed by law.

4. Defendant Harold Traylor is an adult resident citizen of the state of Mississippi residing at 1209 Grantham Road, Sumrall, MS 39482. Defendant Traylor may be served with process in the time and manner prescribed by law.

5. Defendant Allstate Insurance Company ("Allstate") is a foreign insurance company with its principal place of business located at 2775 Sanders Road, Northbrook, IL 60062-6127. Defendant is domiciled in the state of Illinois. Allstate issued a policy of insurance to Plaintiffs, Joseph J. Tomba and Linda L. Tomba with policy number 085 028 623 in the state of Louisiana which coverage(s) are now being sought arising out of an incident that occurred in Hancock County, Mississippi. Allstate can be served with process on its agent for service of process CT Corporation of MS located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 in the time and manner prescribed by law.

6. Defendant John and Jane Does A; B; C; and D are individuals and/or entities who caused or contributed to cause the injuries suffered by Plaintiffs, but whose identities are present unknown to the Plaintiffs. Plaintiffs will amend their Complaint to identify any and all John and Jane Doe Defendants and describe their liability, when their true identities and liability are ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this subject matter and Defendants in this cause pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

8. Venue in this civil action is appropriate in this Honorable Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of Mississippi, Southern Division.

## FACTS AND CAUSES OF ACTION

9. Plaintiffs incorporate the above paragraphs as if fully copied herein.

10. On February 11, 2018, Defendant Arinder was attending the Mardi Gras Parade(s) in Pass Christian, Mississippi. Based on knowledge and belief, Defendant Arinder consumed substantial

quantities of alcohol. After consuming substantial quantities of alcohol, Defendant Arinder chose to operate a motor vehicle owned by Defendant Traylor. Based on knowledge and belief, Defendant Traylor provided his motor vehicle for the use and operation by Defendant Arinder and was, thus, Defendant Arinder was a permissive driver. In addition, based on knowledge and belief, Defendant Traylor provided his motor vehicle to Defendant Arinder with the knowledge that Defendant Arinder would attend certain Mardi Gras parade(s) and consume alcohol.

11. At approximately the same time, on February 11, 2018, Plaintiffs were stopped at the traffic light of the intersection of Blue Meadow Road and Highway 90 in Hancock County, Mississippi. The traffic light provided Plaintiffs with a green arrow. Plaintiffs followed all rules of the road and did not perform any negligent or careless driving.

12. Suddenly and without warning, Defendant Arinder, operating Defendant Traylor's motor vehicle, traveling west on Highway 90, ran the red light at the intersection of Blue Meadow Road and Highway 90 and caused a severe collision with Plaintiff's vehicle. Plaintiffs would show that the subject collision was caused by the negligence and/or gross negligence of Defendant Arinder and Defendant Traylor.

13. Based on knowledge and belief, Defendant Arinder was operating Defendant Traylor's motor vehicle under the influence of alcohol causing him to be impaired and was legally drunk under the laws of the state of Mississippi. In fact, Defendant Arinder was charged with Driving under the Influence by the Bay St. Louis Police Department with a Blood Alcohol Content (BAC) of .144, almost twice the legal limit.

### GROSS NEGLIGENCE:  DEFENDANT ARINDER

14. Plaintiffs incorporate the above paragraphs as if fully copied herein.

15. Plaintiffs charge that Defendant Arinder was grossly negligent and that said gross negligence caused or proximately contributed to the subject motor vehicle collision and the injuries suffered by Plaintiffs.

16. Plaintiffs allege that Defendant Arinder was grossly negligent in one or more of the following respects which caused or proximately contributed to the subject motor vehicle collision and their injuries: (a) In driving under the influence of alcohol over the legal limit; (b) In grossly negligently failing to control the movement and momentum of his motor vehicle; (c) In grossly negligently operating his vehicle with reckless disregard for other vehicles utilizing the road; (d) In grossly negligently failing to keep a proper lookout; (e) In grossly negligently striking Plaintiffs' motor vehicle.

17. Plaintiffs allege that the Defendant Arinder's gross negligence caused the subject motor vehicle collision and their resulting injuries. Furthermore, Plaintiffs charge that Defendant Arinder grossly negligently caused the subject motor vehicle collision and proximately caused and/or substantially contributed to the injuries and damages suffered by the Plaintiffs.

## GROSS NEGLIGENCE:  DEFENDANT TRAYLOR

18. Plaintiffs incorporate the above paragraphs is if fully copied herein.

19. Plaintiffs allege that Defendant Traylor had a duty to Plaintiffs, and to the general public, to supervise Defendant Arinder in operating the motor vehicle owned by him.

20. Plaintiffs allege that Defendant Traylor knew or should have known that Defendant Arinder would be consuming alcohol at Mardi Gras parades on February 11, 2018, and/or Defendant Traylor knew or should have known of the propensity of Defendant Arinder to consume alcohol and operated his motor vehicle.

21. Plaintiffs allege that Defendant Traylor knew or should have known that the subject motor vehicle, if improperly or recklessly operated by Defendant Arinder, could and would cause severe injuries and damages similar to the injuries and damages suffered by the Plaintiffs. Thus, Defendant Traylor negligently and/or gross negligently entrusted Defendant Arinder with the subject motor vehicle that was owned and registered to him.

22. Plaintiffs charge that Defendant Traylor negligently and/or grossly negligently entrusted Defendant Arinder with the subject vehicle owned and registered to him. Said negligent and/or gross negligent entrustment proximately caused and/or contributed to the injuries and damages suffered by the Plaintiffs.

### **UNINSURED / UNDERINSURED MOTORIST COVERAGE WITH ALLSTATE**

23. Plaintiffs incorporate the above paragraphs as if fully copied herein.

24. Based on knowledge and belief Defendant Arinder was uninsured related to the Plaintiffs injuries and damages.

25. Based on knowledge and belief Defendant Traylor was underinsured related to the Plaintiffs injuries and damages.

26. At the time of the subject motor vehicle collision caused by Defendant Arinder and Defendant Traylor, Plaintiffs were named insureds under an Allstate automobile insurance policy, Policy Number 085 028 623 (Allstate Contract) issued by Allstate that included uninsured / underinsured motorist coverage.

27. Allstate Policy Number 085 028 623 insured one vehicle and provided uninsured / underinsured motorists coverage for bodily injury in the amount of $100,000.00 per person and $300,000.00 per accident.

28. The Allstate contract was in full force and effect on February 11, 2018, at the time Plaintiffs were negligently and/or gross negligently struck in a motor vehicle collision by Defendant Arinder at a time when Defendant Arinder was under the influence and alcohol and impaired. The violence of the subject car wreck caused severe injuries and damages to Plaintiffs.

29. Plaintiffs agreed and paid premiums to Allstate to protect them and their family in case of situations described above. Under the Allstate contract, Allstate agreed to pay the sum of money that Plaintiffs would be legally entitled to as damages for an insured and/or underinsured motorist because of bodily injuries and resulting damages.

30. Plaintiffs are entitled to judgment against Allstate for compensatory damages under the uninsured and/or underinsured coverage of the Allstate contract equal to $100,000.00 per person and/or $300,000.00 per accident with pre and post judgment interest, attorney's fees, and costs of court.

## **LOSS OF CONSORTIUM**

31. Plaintiffs incorporate the above paragraphs as if fully copied herein.

32. At all material times hereto, Joseph J. Tomba was and is the husband of Linda L. Tomba.

33. As a direct and proximate result of the negligence, gross negligence, and other causes of action against Defendants, Joseph J. Tomba has suffered the loss of his wife's consortium, including the loss of her companionship, services, society, physical assistance and attention, and will suffer such losses in the future. Plaintiff Joseph J. Tomba is entitled to be compensated by a jury for these damages.

## **DAMAGES**

34. Plaintiffs incorporate the above paragraphs as if fully copied herein.

35. But for Defendants (including John and Jane Does A-D) negligence and other causes of action described in each of the preceding paragraphs, Plaintiffs would not have suffered the injuries and damages complained herein. The negligence and/or other outlined conduct of Defendants, individually, and collectively, discussed herein above, were the proximate and contributing cause of the injuries and damages suffered by Plaintiffs.

36. Defendants consciously and deliberately pursued a common plan or design to commit a tortious act, or actively take part in same, and are therefore jointly and severally liable to the Plaintiffs.

37. As a direct and proximate result of the negligence and other conduct of Defendants, individually, and collectively, as set forth above, Plaintiffs sustained and suffered numerous injuries and damages. Plaintiff received, and continues to receive, medical treatment for their injuries sustained in connection with the subject accident and have incurred reasonable and necessary medical expenses. In addition, to the medical expenses incurred, Plaintiff has endured and will continue to endure much pain and suffering, as well as emotional and mental anguish.

38. Plaintiffs sustained and suffered numerous injuries and damages, including but not limited to (a) Severe injuries; (b) Pain and suffering; (c) Medical treatment and expenses; (d) Emotional and mental anguish; (e) Future medical expenses; (f) Loss of enjoyment of life; (g) Loss of Consortium.

39. As a direct and proximate result of Defendants' negligence and other conduct as set forth in each of the preceding paragraphs, Plaintiffs are entitled to and demand from Defendants, jointly and severally, the following damages: (a) Any and all damages set forth in the preceding paragraph; (b) Actual damages; (c) Compensatory damages; (d) Punitive damages; (e) Pre-judgment interest in an amount allowed by law, but not less than 8% per annum; (f) Attorney's

fees; (g) Court costs and expenses in litigation; (h) Any and all additional damages allowed by this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Complaint be received and filed, and that Defendants be summoned to answer their Complaint and further that upon a trial by jury in this cause, judgment be entered against Defendants, jointly and severally, for any and all actual damages, compensatory damages, and punitive damages to which Plaintiffs are entitled. Plaintiffs further pray that they be rewarded pre-judgment interest and post-judgment interest in an amount of 8% per annum and/or such other amount as is determined by this Court; fees and costs including attorney fees; and such other general relief to which they may be entitled.

Respectfully submitted, this the 21st day of February, 2018.

>JOSEPH J. TOMBA
>LINDA L. TOMBA, Plaintiffs

By:  *s/ Corban Gunn*
>CORBAN GUNN, (MSB #101752)

Corban Gunn, (MSB #101752)
CORBAN GUNN, PLLC
P.O. Box 1466
Biloxi, Mississippi 39533
Telephone:  (228) 284-6805
Facsimile:  (228) 284-6806
corban@corbangunn.com